Stipulated Facts: Respondent overdrafted his trust account on three occasions in late 2017. The Commission's inquiry into these overdrafts led to the discovery that Respondent's firm's bookkeeper, who had replaced Respondent's wife in that role several months earlier, had made multiple deposits into incorrect accounts. Respondent hired a certified public accountant (CPA) to perform an audit, which revealed both errors and theft committed by the bookkeeper. In January 2018, the bookkeeper was charged with one count of theft (a level 5 felony) and seven counts of forgery (level 6 felonies), and the bookkeeper later pled guilty to one count of theft and one count of forgery. The audit also revealed that Respondent had held earned funds in his trust account over a period of years totaling a little more than $5,000.
Respondent's prior discipline is a fact in aggravation. Facts in mitigation include Respondent's cooperation, remorse, restitution, and undertaking of other remedial *596 measures following discovery of the trust account mismanagement.
Violations: The parties agree that Respondent violated these rules prohibiting the following misconduct:
Ind. Professional Conduct Rules:
1.15(a): Failure to hold property of clients or third persons separate from lawyer's own property.
1.15(b): Maintaining more than a nominal amount of attorney funds in a trust account.
5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.
Ind. Admission and Discipline Rules:
23(29)(c)(1): Failure to deposit all funds held in trust in accounts clearly identified as trust or escrow accounts.
23(29)(c)(4): Failure to deposit all receipts into a trust account intact.
Discipline: The Court, having considered the submission of the parties, now approves the following agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 180 days, all stayed subject to completion of 18 months of probation . The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things:
(1) At Respondent's expense, any trust account maintained by Respondent will be monitored by a CPA, approved by the Commission, who will make detailed quarterly reports to the Commission.
(2) Respondent shall cooperate timely and fully with the Commission in the Commission's investigation of any and all matters.
(3) Respondent shall report to the Commission, in writing and within 14 days, of any failure to comply with the terms of his probation.
(4) Respondent's probation shall automatically be revoked if there is a judicial finding that Respondent violated the Admission and Discipline Rules, Professional Conduct Rules, or any criminal law during the term of his probation.
(5) If Respondent violates the terms of his probation, the Commission shall move to revoke his probation; and if probation is revoked, Respondent's 180-day stayed suspension shall be actively served without automatic reinstatement.
Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).
The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.